IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

Case No.: 16-CA-002126-AX

LYNETTA PINER,

  Plaintiff,

vs.

DOLGENCORP, LLC,

  Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant, DOLGENCORP, LLC (hereinafter "DOLLAR GENERAL"), by and through its undersigned attorney and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and in support thereof would state as follows:

1. Without knowledge, therefore denied.

2. Without knowledge, therefore denied.

3. Denied.

4. Admitted that Defendant was in possession of the store located at 198 Marion Oaks Blvd., Ocala, FL, said business being a general store, open to the general public; all other allegations denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Denied.

  a) Denied

    b) Denied.

    c) Denied.

    d) Denied.

8. Without knowledge, therefore denied.

9. Denied.

All other allegations are hereby denied.

## AFFIRMATIVE DEFENSES

1. DOLLAR GENERAL states as an affirmative defense that on the date and place alleged in the Complaint, Plaintiff was guilty of negligence and/or assumed risk which proximately caused or proximately contributed to any injuries or damages Plaintiff may have sustained, if any, and therefore, any award to which Plaintiff may be entitled should be either barred or reduced accordingly, pursuant to the doctrine of comparative negligence.

2. DOLLAR GENERAL states as an affirmative defense that Plaintiff's alleged injuries and damages were solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of DOLLAR GENERAL; therefore, Plaintiff cannot recover against DOLLAR GENERAL.

3. DOLLAR GENERAL states as an affirmative defense that Plaintiff has failed to mitigate damages as required under Florida Law and any such recovery should be proportionately reduced as a result of the failure heretofore alleged.

4. As an affirmative defense, DOLLAR GENERAL specifically claims any credit or set off to which it might be entitled to any payments paid or payable to Plaintiff herein for damages alleged in the Complaint from any collateral source and settlements received or available to Plaintiff whatsoever.

5. DOLLAR GENERAL affirmatively alleges that as a result of the incident alleged in the Complaint, Plaintiff has received payments from collateral sources as that term is defined in applicable Florida Statutes, including, but not limited to Florida Statute § 768.76 and, therefore, DOLLAR GENERAL is entitled to a set off or deduction equal to the value of all benefits received by Plaintiff from any collateral source.

6. DOLLAR GENERAL affirmatively alleges under Florida Statute § 768.041 it is entitled to a set off or deduction equal to the sums which Plaintiff has received by way of settlement from any other person, firm or corporation as a result of the incident described in the Complaint.

7. The damages claimed by Plaintiff were caused, either in whole or in part by third parties over whom DOLLAR GENERAL had no control; therefore, DOLLAR GENERAL is entitled to an apportionment of damages in accordance with Florida Statute § 768.81. DOLLAR GENERAL affirmatively alleges that its liability, if any, must be determined pursuant to Florida Statute § 768.81(3) and pursuant to the Florida Supreme Court decision of *Fabre v. Marin* and not on the basis of joint and several liability. Liability of DOLLAR GENERAL, if any, must be determined on the basis of its own percentage of fault and the fault of other potential parties, including, but not limited to, Plaintiff and any other person, firm or corporation whose conduct contributed to the occurrence of this incident. The prospective contribution of all parties and non-parties should be determined by separate entry on the jury verdict form.

8. As an affirmative defense, DOLLAR GENERAL asserts that its alleged conduct was not the proximate cause of Plaintiff's alleged injuries and damages and, therefore, any award of damages would be inappropriate.

9. As an affirmative defense, DOLLAR GENERAL states that the Complaint fails to state a claim upon which relief can be granted.

10. DOLLAR GENERAL respectively reserves the right to assert additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

11. DOLLAR GENERAL demands a trial by jury of all issues so triable as of right by jury.

                                      s/Russell F. Bergin
                                      Russell F. Bergin, Esquire
                                      Florida Bar No.: 0887560
                                      Law Office of Russell F. Bergin, P.A.
                                      698 W. Highway 50
                                      Clermont, Florida 34711-2921
                                      Telephone: 352-394-5888
                                      Facsimile: 352-394-8558
                                      Primary e-mail: russ@berginlaw.com
                                      Secondary e-mail: jhornyak@berginlaw.com
                                      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2016, I electronically filed the foregoing with the Clerk of the Court via the Florida Courts E-Filing Portal System, which will send a Notice of Electronic Filing to the following:

Michael J. Smith, Esq.    MSmith@forthepeople.com
Morgan & Morgan, P.A.    MPaquette@forthepeople.com
14229 U.S. Hwy 441       ECannon@forthepeople.com
Tavares, FL 32778
*Attorney for Plaintiff*

<div style="margin-left: 40%;">

s/Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No.: 0887560
Law Office of Russell F. Bergin, P. A.
698 W. Highway 50
Clermont, FL  34711-2921
Telephone: 352-394-5888
Facsimile:  352-394-8558
Primary e-mail: russ@berginlaw.com
Secondary e-mail: jhornyak@berginlaw.com
*Attorney for Defendant*

</div>