# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LYNETTA PINER,**

    **Plaintiffs,**

v.                                                                            **Case No: 5:17-cv-34-Oc-30PRL**

**DOLGENCORP, LLC,**

    **Defendant.**

## ORDER

In this removal action, Plaintiff seeks damages for personal injuries as a result of a slip and fall accident at Defendant's Dollar General store. Two motions are currently pending that pertain to a discovery dispute between the parties and third-parties. Non-Party, Florida Spine and Joint Institute has filed a motion to quash and for protective order (Doc. 17) regarding what it argues are Defendant's overbroad, burdensome and harassing discovery requests. Meanwhile, Defendant Dolgencorp has filed a motion to compel which is not yet ripe regarding American Horizon Financial's production of documents. (Doc. 20).

### I. Background

Both pending motions pertain to what is essentially the same disputed discovery issue. During discovery, Defendant has attempted to obtain information regarding Plaintiff's damages, specifically her injuries, treatment, and medical bills and expenses. Defendant contends that Plaintiff's medical expenses are exorbitant and unreasonable, and seeks discovery regarding the reasonableness of the bills.

As part of those efforts, Defendant served subpoenas on a third-party medical provider that treated Plaintiff, Florida Spine and Joint Institute. Defendant served a subpoena duces tecum on Florida Spine and Joint Institute, seeking a deposition and documents pursuant to Fed. R. Civ. P. 30(b)(6). (Doc. 17). Florida Spine and Joint Institute filed a motion to quash and for protective order (Doc. 17), and the Court ordered the parties to meet and confer regarding the matters in dispute. Ultimately, in accordance with the Court's Order, Defendant responded reporting the results of the conference, and setting forth more narrowly tailored discovery requests. (Doc. 20).

As explained in Defendant's response (Doc. 22), discovery has revealed that the majority of Plaintiff's medical bills were for three providers: Florida Spine and Joint Institute, Premier Surgical Center, and Advanced Rehab Specialties. (Doc. 22, p. 10). Defendant contends that a scheme of sorts existed by which third-party, American Horizon Financial referred Plaintiff to these medical providers, and then later purchased Plaintiff's medical bills. (Doc. 22, p. 10). Defendant asserts that it has obtained a medical billing expert who will testify that these three provider's medical bills were unreasonable, and as much as 15-23 times the amount paid by Medicare. (Doc. 22, p. 11). Defendant argues that the reasonableness of the bills is a topic that is appropriate for discovery. Defendant contends that the bills submitted by the providers are "essentially fake, grossly inflated bills contrived solely for litigation." Defendant argues that "these bills are meaningless since these medical providers were working for a litigation finance company to which the providers sold their bills for a much lower amount." (Doc. 22, p. 12). Defendant argues that it is entitled to discover the amount that Plaintiff's doctors actually charged American Horizon Financial for Plaintiff's medical care. Accordingly, Defendant seeks information pertaining to the amounts paid by American Horizon Financial for patient medical billing or services for Plaintiff Lynetta Piner, description of the CPT codes used by Florida Spine

and Joint Institute for services provided to Lynetta Piner, and related information. (Doc. 22, p. 3). Defendant sets forth numerous discovery requests and areas of inquiry that are crafted to obtain information about the actual costs charged for Plaintiff's medical services. (Doc. 22, p. 2-5).

Meanwhile, Defendant has also moved to compel documents and testimony from third-party American Horizon Financial. (Doc. 20). In its motion, Defendant reiterates the same arguments explained above, and asserts that American Financial Horizon has failed to comply with two properly served subpoenas for documents, and a Fed. R. Civ. P. 30(b)(6) subpoena for a corporate representative deposition. Defendant contends that, although witness Lewis Lurie appeared for the deposition, he failed to provide answers to questions, claiming that information regarding the amount paid for Plaintiff's medical bills was a trade secret. (Doc. 20, p. 2, Doc. 19).

## II. Discussion

It is worth noting that courts in this Circuit have addressed similar disputes regarding the sale of medical bills in personal injury cases, and have allowed discovery on matters similar to (or even more expansive) than Defendant's now narrowly-tailored requests to Florida Spine and Joint Institute. (Doc. 22). *See Alvarez Crespo v. Home Depot U.S.A.*, Inc., No. 16-60086-CIV, 2016 WL 3854585, at *5 (S.D. Fla. July 15, 2016) (overruling several objections, including objections to discovery request seeking information about whether bills had been sold or transferred to third parties, and "the average percentage discount from face value these bills were sold for"). Indeed, several factors are relevant to the analysis of whether a medical provider's charges are reasonable, including—but not limited to—(1) the provider's internal cost structure; (2) the usual and customary rates charged and payments received for these services; and (3) what other similar

medical providers in the relevant market charge for similar services. *Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1274 (S.D. Fla. 2006).

Here, following the Court's Order of October 30, 2017 (Doc. 18), Defendant has succeeded in narrowing its discovery requests for Florida Spine and Joint Institute such that they each pertain to billing records (or contracts and agreements) relevant specifically to Plaintiff Lynetta Piner, or the business relationship between American Horizon Financial and Florida Spine Institute for a narrow time period relevant to her care, May 2016-June 2016. (Doc. 22, p. 2-5). Given these narrowly tailored requests, the Court is satisfied that they are relevant to Defendant's arguments, and appropriate areas for discovery. The same would be true for discovery requests that are similarly narrowly tailored and directed to American Horizon Financial.

That said, the Court is mindful of the position of the third-parties that much of the information sought is alleged to be a "trade-secret." Accordingly, the parties and third-parties are encouraged to meet and confer to agree upon a protective order that would address those concerns.

And, as to the testimony of the corporate designee, the third-parties are reminded that "a 30(b)(6) deponent [has] an affirmative obligation to educate himself as to the matters regarding the corporation." *Calzaturficio S.C.A.R.P.A. s.p.a v. Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995) ('If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.')." *Chick fil A v. ExxonMobil Corp.*, No. 08 61422 CIV, 2009 WL 3763032, at *11 (S.D. Fla. Nov. 10, 2009).

### III. Conclusion

Accordingly, upon due consideration,

(1) Third-party Florida Spine and Joint Institute's motion to quash and or for protective order (Doc. 17) is **GRANTED** in part and **DENIED** in part. On or before December 5, 2017, Florida Spine and Joint Institute shall comply with Defendant's narrowed discovery requests as set forth in its response (Doc. 22). On or before December 5, 2017, Florida Spine and Joint Institute shall also produce a witness for deposition pursuant to Rule 30(b)(6) regarding the narrowed areas of inquiry set forth in Defendant's response (Doc. 22).

(2) Defendant's motion to compel directed to American Horizon Financial (Doc. 20) is taken under advisement as it is not yet ripe, however, in preparing its response and when conferring in good faith with counsel for Defendant, American Horizon Financial should be guided by the principles set forth in this Order.

**DONE** and **ORDERED** in Ocala, Florida on November 9, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Courtroom Deputy
Florida Spine and Joint Institute
American Horizon Financial